John TRUJILLO et al., Plaintiffs,

v.

Margaret M. HECKLER, in her official capacity as Secretary of Health and Human Services, Defendant.

Felix ULIBARRI, Plaintiff,

v.

Margaret M. HECKLER, etc., Defendant.

Loren A. VOTH, Plaintiff,

v.

Margaret M. HECKLER, etc., Defendant.

Ronald CARLSON, Plaintiff,

v.

Margaret M. HECKLER, etc., Defendant.

John H. ORMSBY, Plaintiff,

v.

Margaret M. HECKLER, etc., Defendant.

Nos. 82–K–1505, 83–K–1689, 83–K–1687, 83–K–1187 and 83–K–1769.

United States District Court, D. Colorado.

March 16, 1984.

Linda J. Olson, Michael J. Steiner, Legal Aid Society of Metropolitan Denver, Daniel M. Taubman, Colorado Coalition of Legal Service Programs, Denver, Colo., William

Redak, Jr., Redak & Brantz, Longmont, Colo., Carol Glowinsky, Legal Aid & Defender Program, John Whitehouse Cobb, Roper, Lief, Mains & Cobb, Boulder, Colo., R. Eric Solem, Pikes Peak Legal Services, Colorado Springs, Colo., Bernard A. Poskus, Colorado Rural Legal Services, Grand Junction, Colo., John G. Detmer, Erickson, Holmes, Nicholls, Kusic & Sussman, Denver, Colo., for plaintiffs in No. 82–K–1505.

Robert N. Miller, U.S. Atty., John R. Barksdale, Asst. U.S. Atty., Denver, Colo., for defendant in No. 82–K–1505.

Lisa Robinow, Colorado Rural Legal Services, Alamosa, Colo., and Brian P. Lawlor, Colorado Rural Legal Services, Denver, Colo., for plaintiff in No. 83–K–1689.

Robert N. Miller, U.S. Atty., Jimmye S. Warren, U.S. Atty., Denver, Colo., for defendant in No. 83–K–1689.

Susan E. Perry, Denver, Colo., for plaintiff in No. 83–K–1687.

Robert N. Miller, U.S. Atty., Janis E. Chapman, Asst. U.S. Atty., Denver, Colo., for defendant in No. 83–K–1687.

R. Eric Solem, Jackson L. Peters, Jr., Pikes Peak Legal Services, Colorado Springs, Colo., for plaintiff in No. 83–K–1187.

Robert N. Miller, U.S. Atty., Henry L. Solano, Asst. U.S. Atty., Denver, Colo., for defendant in No. 83–K–1187.

Bruce C. Bernstein, Denver, Colo., for plaintiff in No. 83–K–1769.

Robert N. Miller, U.S. Atty., Robert Gay Guthrie, Asst. U.S. Atty., Denver, Colo., for defendant in No. 83–K–1769.

KANE, District Judge.

These cases are before me on plaintiffs' motions for attorneys fees pursuant to the Equal Access To Justice Act, 28 U.S.C. § 2412. The lead case, *Trujillo v. Heckler,* is a class action brought to prevent the Secretary from terminating Title II or Title XVI social security benefits without first proving a medical improvement in the claimant's condition or substantial error in the initial proceeding finding the claimant

disabled. In September, 1983, I granted plaintiffs' and denied the government's cross motions for summary judgment. I held that the Secretary could not terminate social security benefits in the absence of a material medical improvement or a showing of substantial error in the earlier proceeding. I entered a permanent injunction to that effect on December 15, 1983. All but one of the other captioned cases are related to *Trujillo* and have either been remanded for reconsideration in light of *Trujillo,* or reversed outright on grounds independent of the medical improvement issue.

The Secretary objects to any award of fees. She claims that attorneys fees are not permitted under the EAJA in a Social Security case. Alternatively she claims that her position was "substantially justified" in law and fact within the meaning of the EAJA. If she is correct in this last assertion, any fee award would be improper. I have combined these cases because they share a common issue, the applicability of the EAJA to cases arising under the Social Security Act. I will treat that first. Then I will consider the cases *seriatim* to determine if the Secretary's position was substantially justified within the meaning of the EAJA.

The EAJA permits an award of attorneys fees to the prevailing party "[e]xcept as otherwise provided by statute .... [and] unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d).

The Social Security Act provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past due benefits....

.  .  .  .  .

In case of any such judgment, no other fee may be payable or certified for pay-

ment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1). The Secretary thinks that when the last sentence of § 406 is read together with § 2412(d) of the EAJA, there can be no award save the 25% of the total of past due benefits. I disagree.

The Tenth Circuit has not addressed this issue. Several other circuits have. All have held that EAJA does apply to Social Security Act cases. *Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983); *Wolverton v. Heckler,* 726 F.2d 580 (9th Cir.1984); *Berman v. Schweiker,* 713 F.2d 1290 (7th Cir. 1983); *McGill v. Secretary,* 712 F.2d 28 (2nd Cir.1983). As the Fourth Circuit expressed it:

> We disagree with the Secretary's contention that the EAJA does not apply to Social Security Act cases. Nothing in the text of the EAJA expressly excludes its application to Social Security Act cases. The legislative history makes explicit Congress's intent that although the EAJA does not apply to administrative proceedings under the Social Security Act, it does cover civil actions to review decisions of the Secretary.

718 F.2d at 107. This view is unanimously borne out in the dozens of lower court cases which have considered the issue.[1] Following the clear majority, I hold that fees may be recovered in a Social Security Act proceeding under the EAJA.

■ Although I will treat each case individually to determine if the Secretary's position was substantially justified, a few preliminary observations are in order. The substantial justification standard is essentially one of reasonableness. *Bailey v. United States,* 721 F.2d 357 (Fed.Cir.1983). The government must show that it had a reasonable basis both in law and fact in order to avoid liability for attorneys fees. H.R.Rep. No. 1418, 96th Cong.2d Sess. 10, 11 *reprinted in* 1980 U.S.Code Cong. & Admin.News, 4953, 4984, 4989. Some courts have suggested that the standard is one slightly heavier than reasonableness. *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982); *Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn.1982). At least one court has suggested that

> rarely will a plaintiff in a social security case be able to meet the EAJA standard. Unless the government has no authority for its position, or the record reveals no evidence to support the ALJ's findings, the government will be justified in defending an appeal to the district court.

*Jones v. Schweiker,* 565 F.Supp. 52, 56 (W.D.Mich.1983). *Compare Kerr v. Heckler,* 575 F.Supp. 455, 458 (S.D.Ohio 1983) ("as long as there was at least some evidence to support a non-disability position, then we would find the government's action in contesting the claim to be reasonable and substantially justified.")[2]

■ I am convinced that this approach "does not adequately implement Congress's attempt to reduce the economic im-

---

**1.** *Zimmerman v. Schweiker,* 575 F.Supp. 1436 (E.D.N.Y.1983); *Kerr v. Heckler,* 575 F.Supp. 455 (S.D.Ohio 1983); *Phillips v. Heckler,* 574 F.Supp. 870 (W.D.N.C.1983); *Washington v. Heckler,* 573 F.Supp. 1567 (E.D.Pa.1983); *Knox v. Schweiker,* 567 F.Supp. 959 (D.Del.1983); *Watkins v. Harris,* 566 F.Supp. 493 (E.D.Pa.1983); *Ceglia v. Schweiker,* 566 F.Supp. 118 (E.D.N.Y. 1983); *Jones v. Schweiker,* 565 F.Supp. 52 (W.D. Mich.1983); *Gross v. Schweiker,* 563 F.Supp. 260 (N.D.Ind.1983); *Chee v. Schweiker,* 563 F.Supp. 1362 (D.Ariz.1983); *Ward v. Schweiker,* 562 F.Supp. 1173 (W.D.Mo.1983); *Miller v. Schweiker,* 560 F.Supp. 838 (M.D.Ala.1983); *Vega v. Schweiker,* 558 F.Supp. 52 (S.D.N.Y. 1983); *Cornella v. Schweiker,* 553 F.Supp. 240 (D.S.D.1982); *MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y.1982); *Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn.1982); *McDonald v. Schweiker,* 551 F.Supp. 327 (N.D.Ind.1982); *Ulrich v. Schweiker,* 548 F.Supp. 63 (D.Idaho 1982); *Moholland v. Schweiker,* 546 F.Supp. 383 (D.N.H.1982); *Shumate v. Harris,* 544 F.Supp. 779 (W.D.N.C.1982); *Bennett v. Schweiker,* 543 F.Supp. 897 (D.D.C.1982); *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill. 1982).

**2.** *See also: Ceglia v. Schweiker,* 566 F.Supp. 118, 124 (E.D.N.Y.1983) ("patently unsupported by substantial evidence"); *Moholland v. Schweiker,* 546 F.Supp. 383, 386 (D.N.H.1982) (there is "no genuine dispute"); *Smith v. Schweiker,* 563 F.Supp. 891, 893 (E.D.N.Y.1982) (a position "wholly free from doubt").

balance between the government and an individual claimant." *Zimmerman v. Schweiker*, 575 F.Supp. 1436, 1439 (E.D.N. Y.1983). I am very impressed with Chief Judge Weinstein's predicatably learned opinion in *Zimmerman, supra.* There, he posits a "reasonable litigation-attorney" standard. 575 F.Supp. at 1439. Under it, an attorney must ask:

Is there any substantial chance of success for my client? Am I merely going through the motions of a suit when my investigation of the law and facts convinces me that my client would and should lose?

*Id.* at 1439. It is against this standard, complete with its "ethical and procedural obligations" that I will judge the government's position.

### Trujillo v. Heckler

■ In *Trujillo* I held that the Secretary could not terminate benefits without first showing a medical improvement or substantial error in the first proceeding. I noted in *Trujillo* that "the act, itself, is silent as to the appropriate standard of review in a termination proceeding." 569 F.Supp. 631 at 632 (1983). I also noted that Congress, in its consideration of the 1983 amendments to the Social Security Act, specifically recognized the lack of a medical improvement standard in the act. 569 F.Supp. at 633. I concluded that "the existence *vel non* of a medical improvement standard is a matter of case law in this and other circuits." 569 F.Supp. at 634. In like vein, I must determine if the Secretary was unreasonable in litigating the medical improvement standard issue in light of earlier case law, in both this and other circuits.

Two considerations bear heavily on my decision. The first is the number of earlier similar cases where the identical issue has been decided adversely to the government. As the Ninth Circuit recently said: "The more often an issue is decided against the government the more unreasonable advancing such a claim again will be." *Hoang Ha v. Schweiker*, 707 F.2d 1104, 1106 (9th Cir. 1983).

The second consideration involves the special position of the government as a litigant. The Supreme Court has recently reaffirmed its view that

"the Government is not in a position identical to that of a private litigant", * * * both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the Government litigates.

*United States v. Mendoza*, —— U.S. ——, 104 S.Ct. 568, 572, 78 L.Ed.2d 379 (1984). (citations omitted). The Court expressed concern that a rule of nonmutual collateral estoppel

would substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue. Allowing only one final adjudication would deprive this Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before this Court grants certiorari.

104 S.Ct. at 572.

There is an obvious distinction between the threat of attorneys fees and a rule of nonmutual collateral estoppel. The latter forbids any more litigation while the former merely increases the stakes on the table. Yet to the extent the government in a case as important as *Trujillo* is not in a position identical to that of a private litigant, the reasonable litigation-attorney standard must be modified.

When the *Trujillo* case was filed there was already a discernible trend among the circuit courts which had considered the medical improvement standard issue. As I said in the motion granting and denying summary judgment:

This formulation [the requirement of medical improvement before terminating benefits] has been approved, sometimes tacitly, in the Third, Sixth, Eighth, Ninth and Tenth Circuits.

569 F.Supp. at 634. It appeared to me then and does now that the First, Fifth and Ninth Circuits had explicitly adopted some variation on the medical improvement stan-

dard while the Third, Sixth, Eighth and Tenth Circuits impliedly or tacitly required such a standard.

At the same time, I recognize that the district court decisions in this district were less than unanimous in falling in behind the Tenth Circuit's *Van Natter* decision. See *McIntosh v. Schweiker*, No. 82–M–1189 (D.Colo. Jan. 19, 1983); *Short v. Harris*, No. 79–F–1117 (D.Colo. March 20, 1980). Even Justice Rhenquist noticed the apparent lack of intercircuit conflict on the point.

I likewise do not assume that since there does not appear to be any significant circuit conflict on this point at present, four Justices of this Court would not be likely to grant a petition for certiorari should the Secretary seek review in this Court on the merits of a Ninth Circuit opinion reaffirming *Patti [v. Schweiker*, 669 F.2d 582 (9th Cir.1982)] and *Finnegan [v. Mathews*, 641 F.2d 1340 (9th Cir. 1981)].

In light of the congressional failure to include a medical improvement standard in the 1983 amendments, in light of the case law in the Tenth Circuit at the time plaintiffs initiated this action, and in light of the special position the government occupies as a litigant in this country, I cannot say that the Secretary acted improperly in relitigating the medical improvement issue. The motion for attorneys fees is accordingly denied.

## Ulibarri v. Heckler

██ Felix Ulibarri was found to be disabled June, 1979 from Hypoxia, obesity and retinal detachment. After a continuing disability review, the Secretary determined that his disability had ceased as of April, 1982. Mr. Ulibarri exhausted his administrative remedies then appealed to this court. He based one of his claims on my then recently issued order granting summary judgment in *Trujillo*. After the government lodged the administrative record and after oral argument on December 21, 1983, I reversed the judgment of the Appeals Council. I specifically found that there was no evidence in the record to

suggest even remotely that Mr. Ulibarri was not disabled. As such, the hearing officer ignored *Celebrezze v. Warren*, 339 F.2d 833 (10th Cir.1964), which held that "where uncontradicted medical evidence tend[s] to establish disability, denying benefits is not supported by substantial evidence."

I think a reasonable litigation-attorney could have resisted this appeal in good faith, and I therefore deny the motion for attorneys fees. I base my decision on a recent Tenth Circuit opinion. *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481 (10th Cir.1984), requires me to consider the position the government takes before this court, not the position taken below during the administrative proceeding.

The Secretary made two arguments at oral argument. She claimed that there was evidence of improvement in Mr. Ulibarri's vision, thus substantiating the ALJ's finding that the plaintiff could return to his former employment as a truck spotter. The improvement is conceded by Mr. Ulibarri. The Secretary also claimed that plaintiff's lung impairment continued to be severe only because he had not followed medical advice to lose weight and stop smoking. The ALJ never found, however, that plaintiff had refused to follow the recommended treatment. Rather, he found that Mr. Ulibarri had been unsuccessful in losing weight and quitting smoking.

However objectionable I found the ALJ's decision, the Secretary could reasonably argue to uphold his decision based upon plaintiff's improved eyesight, the lack of a listed impairment, and what the ALJ thought was sufficient residual functional capacity to return to his former employment. The motion for attorneys fees is therefore denied.

## Voth v. Heckler

This case is not related to *Trujillo*. Mr. Voth, a twenty-four year old single man, applied for and was denied Title II benefits under the Social Security Act. After exhausting his administrative remedies, he

filed for review in this court. The administrative record discloses that Mr. Voth suffers from a variety of mental illnesses characterized by severe depression, high levels of anxiety and profound sleep disturbance. Additionally, Mr. Voth has a history of drug and alcohol abuse. The ALJ concluded that Mr. Voth did not have an impairment meeting or exceeding the listed impairments in Appendix I; that he could not return to his former employment; and that

> there are jobs which exist in significant numbers in the national economy that the claimant would be able to perform. While the claimant lacks self confidence, is depressed and has a high level of anxiety, the undersigned concludes that these would not prevent him from performing unskilled labor.

Record at 12. After oral argument, I concluded that Mr. Voth suffered from a "constellation" of severe mental illnesses which would not permit him to function in the workplace.

▆ The mere fact alone that I reversed the administrative decision does not mean that the government's position was not substantially justified. *Gava v. United States*, 699 F.2d 1367, 1370 (Fed.Cir.1983). While the ALJ's decision may have lacked substantial evidence, the Secretary's position on appeal had a reasonable basis in law. As the Secretary correctly points out, 'the mere presence of a mental disturbance is not disabling per se, absent a showing of severe functional loss establishing an inability to engage in substantial gainful activity." Brief at 6. Based on the record before me I cannot say that there was not a substantial chance of success for the government within the meaning of *Zim-*

*merman, supra.* I therefore deny the motion for attorneys fees.

### Carlson v. Heckler

▆ Ronald Carlson is forty-eight years old. He applied for and received disability benefits for a disability commencing April, 1974. By notice dated February 26, 1982, Carlson learned that his disability had ceased in October, 1981. Having exhausted his administrative remedies, he appealed to this court. His treating physician concluded that Carlson "had a chronic neurologic deficit related to childhood polio, leaving claimant's left upper limb practically useless." Record at 12. Carlson's loss of use of his left arm is complicated by mild osteoarthritis of the lumbar spine and atrophy and deformity of the left leg.

The ALJ found that Carlson did not have a severely limiting impairment and that he could perform sedentary work with one arm and one hand. I reversed the ALJ's decision, since the Secretary's own regulations specifically would find Mr. Carlson disabled. See 20 C.F.R. Appendix 2, 201.-00(h) (1983). At oral argument government counsel did not make any argument to uphold the administrative decision, but was unable to stipulate to an outright reversal.[3]

The Secretary now argues that either the plaintiff failed to articulate clearly the exact basis for error in his complaint or that government counsel was under a misapprehension that this case would be handled as a *Trujillo*-related case.

Neither argument comes close to satisfying the standard of the reasonable litigation-attorney. The administrative record contains plaintiff's specific objections to the ALJ's decision. Second, to argue that

---

**3.** *See Zimmerman v. Schweiker*, 575 F.Supp. 1436, 1440 (E.D.N.Y.1983):

> There is often a special excruciating problem for the government attorney. He or she cannot fire a client who will not take the litigator's advice, nor can the client discharge the government attorney. The law weds them to each other, except in a limited number of cases where outside counsel may be retained as in the case of a conflict of interest. Some-

> times, therefore, the government attorney must defend a suit without much confidence in its merits.

> Even so, there comes a time when a government attorney must say "no." The August, 1983, amendments to the Rules of Civil Procedure make clear that a government attorney must act only in good faith even when confidence in the merits amounts to no more than velleity.

government counsel was too busy to determine how the case would be treated is an admission that counsel failed adequately to investigate the case. While some allowance may be made for the special position of the government as a litigant, no allowance will be made for tardiness or lack of diligence.

The motion for attorneys fees is therefore granted in an amount of $975.00, the reasonableness of which the Secretary does not contest.

### Ormsby v. Heckler

■ John Ormsby has been disabled since December 2, 1971. His disability stems from what the ALJ termed a "depressive reaction and alcoholic deterioration." The Secretary terminated his benefits in 1982 and he appealed. His primary contention on appeal was the Secretary's failure to apply a medical improvement standard when conducting the continuing disability review. At oral argument on December 28, 1983, I remanded the case for reconsideration in light of the permanent injunction I had recently entered in the *Trujillo* case. Before I decide if the Secretary's position was substantially justified, I must determine if one may be a prevailing party within the meaning of the EAJA by virtue of a remand.

The committee reports accompanying the EAJA make it clear that one need not be a victor by final judgment in order to be a prevailing party. H.R.Rep. No. 96–1418, 96th Cong.2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4990. The concept includes

> parties prevailing by favorable settlement or by favorable decision on interim central issues, whether or not the party ultimately prevailed on all the issues.

*United States v. 329.73 Acres, Grenada and Yalobusha Ctys.,* 704 F.2d 800, 809 (5th Cir.1983). At least one circuit, however, treats social security cases differently than all others:

> Regardless of the wording of the complaint or the actual relief sought in the district court, generally speaking, a so-

cial security claimant prevails when it is determined that she is entitled to benefits. Unlike a plaintiff who files a lawsuit alleging violations of a procedural due process right and seeks compensation for that deprivation, the ultimate relief to which a social security claimant is normally entitled is not vindication of procedural rights but an award of benefits for a claimed disability.

*McGill v. Secretary of Health & Human Services,* 712 F.2d 28, 31–2 (2nd Cir.1983). The remand issue remains unsettled in the lower courts. Compare *Ceglia v. Schweiker,* 566 F.Supp. 118, 121 (E.D.N.Y.1983) (The order of remand must be "sufficiently central to the case to justify an award of fees"); *Knox v. Schweiker,* 567 F.Supp. 959, 964 (D.Del.1983) (Plaintiff must receive essentially all the relief requested); and *Gross v. Schweiker,* 563 F.Supp. 260 (N.D.Ill.1983); with *Miller v. Schweiker,* 560 F.Supp. 838 (M.D.Ala.1983) and *Roman v. Schweiker,* 559 F.Supp. 304 (E.D.N.Y.1983).

A few courts have denied awards of fees pending resolution of the case on remand. See *Miller v. Schweiker,* 560 F.Supp. 838 (M.D.Ala.1983); *National Labor Relations Board v. Doral Services, Inc.,* 680 F.2d 647 (9th Cir.1982)

If there is any trend that can be gleaned at this point, it is to require some success on the merits. In the instant case, I consider Mr. Ormsby a prevailing party, not only because he was successful in seeking a remand, but also because after remand, his benefits were restored.

■ I still must deny the motion for attorneys fees, on the grounds that the government's position was substantially justified. This case was filed September 21, 1983, just a month after my order granting the *Trujillo* plaintiffs' motion for summary judgment. It was not until December 15, 1983, however, that I issued a permanent injunction, a clause of which expressly permitted remand for cases similar to Mr. Ormsby's. Thirteen days later, I heard oral argument in this case and re-

manded it for reconsideration in light of *Trujillo*. Given my conclusion, above, that the government was substantially justified in litigating the medical improvement issue in *Trujillo*, I likewise conclude that it was within the reasonable litigation-attorney standard to contest this case, at least until I filed a permanent injunction in *Trujillo*. Since the government did not contest the remand, the motion for attorneys fees is denied.