John **TRUJILLO, et al., Plaintiffs,**

v.

Margaret M. **HECKLER, etc.,**
**Defendant.**

Civ. A. No. 82–K–1505.

United States District Court,
D. Colorado.

Oct. 29, 1984.

Linda J. Olson, Michael J. Steiner, Legal Aid Soc. of Metropolitan Denver, Daniel M. Taubman, Colorado Coalition of Legal Service Programs, Denver, Colo., William Redak, Jr., Redak & Brantz, Longmont, Colo., Carol Glowinsky, Legal Aid & Defender Program, John Whitehouse Cobb, Roper, Lief, Mains & Cobb, Boulder, Colo., R. Eric Solem, Pikes Peak Legal Services, Colorado Springs, Colo., Bernard A. Poskus, Colorado Rural Legal Services, Grand Junction, Colo., John G. Detmer, Erickson, Holmes, Nicholls, Kusic & Sussman, Denver, Colo., for plaintiffs.

Robert N. Miller, U.S. Atty., John R. Barksdale, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is the third order I have entered in this case on the issue of attorney's fees. Most recently, I granted plaintiffs motion for attorney's fees under subsection (b) of the Equal Access to Justice Act, 28 U.S.C. § 2412. *See* 587 F.Supp. 928 (D.Colo. June 29, 1984).[1] Attorney's fees were granted by incorporating the civil rights attorney fee statute, 42 U.S.C. § 1988 into the EAJA. This case is now before me on defendants motion for relief from the judgment pursuant to Rules 59(e) and 60(b), Fed.R.Civ.P. and for a determination of the amount of fees to be awarded.

The motion for relief from the judgment is denied. The Memorandum and Order of June 29, 1984 was, and continues to be, well supported in its rationale, by the legislative history of the EAJA and the interpretation of that statute ʰy other courts. Defendant has presented no new arguments in support of her motion.

■ Contrary to the defendant's suggestion, the level of fees awarded is governed by the provisions of § 1988 and not subsection (d) of the EAJA. Fees in this case were specifically denied under subsection (d) and instead are awarded as required by the statute to the same extent as would be awarded to any other party under § 1988. *See* 582 F.Supp. 701 (D.Colo.1984). Thus, for example, hourly rates are not circum-

---

1. Other opinions in this case include the grant of class certification and recognition of jurisdiction, 558 F.Supp. 1058, February 17, 1983, a grant of plaintiffs' motion for partial summary judgment, 569 F.Supp. 631, August 16, 1983; a grant of plaintiff's motion for a permanent injunction, December 15, 1983 and a denial of attorney's fees, 582 F.Supp. 701, March 16, 1984.

scribed by the subsection (d) $75 limit, but should be awarded "a rate of compensation for the hours reasonably expended ... by lawyers of comparable skill and experience practicing in the area in which the litigation occurs...." *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir.1983). I need not elaborate upon the standard for reviewing fee applications as it has been articulately stated earlier. *See Ramos v. Lamm, supra; Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Blum v. Stenson,* — U.S. —, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Brewer v. Southern Union Co.,* No. 83–F–1174, Slip Op. (D.Colo. September 21, 1984). Basically, I need examine the appropriateness of the plaintiffs' counsels' hourly rate and hours expended. Plaintiff seek neither compensation for expenses nor a fee enhancement; as such, I will not consider these issues.

### A. Hourly Rate

■ As noted, the EAJA $75 fee ceiling is inapplicable in fee awards under subsection (b). Plaintiffs' have submitted requests for compensation for seven different attorneys whose billing rates range from $75 to $125 per hour. These rates are adequately supported by affidavits documenting the experience of the attorneys and the rates charged by comparable private sector attorneys working on similar cases. I am cognizant of the fact that this litigation involved complex legal and procedural issues which were admirably handled by plaintiffs counsel in their representation of a class consisting of thousands of disabled individuals dependent upon social security benefits. I find that the hourly rates requested are reasonable and well within the community norm.

There is, however, a discrepancy in the hourly rates requested for two attorneys between the original application for fees filed January 12, 1984 and the Response to Defendant's Objection to the fee requests filed August 22, 1984. In the first request

Linda Olson sought fees at $100 per hour and Daniel Taubam sought fees at $100 per hour. In the second request, her rate decreased to $90 per hour and his rate increased to $110 per hour. Inasmuch as these fees are to be paid by the opposing party in contravention to the general American rule, plaintiffs will be bound by the lower of the two requests.

The hourly rates to be charged are then $90 for Linda Olson, $100 for Eric Solem and Daniel Taubam, $75 for Jon Nicholls, Bernie Poskus and John Detmer and $125 for John Whitehouse Cobb.

### B. Hours Expended

I have examined the contemporaneous time records submitted by plaintiffs' counsel to determine the reasonableness of the hours expended. The defendant argues that the plaintiffs' attorneys time was often duplicative and overlapping. Moreover, she suggests that many of the items billed, such as for travel time, are not properly compensable.[2]

This was a complex case with many actors and parties. Resolution of the issues, particularly at the early stages, before class certification, required the work of several attorneys to insure the proper coordination of the parties and strategy. As the case proceeded, however, numerous plaintiffs' lawyers were not required to rehash memos and brief⁀ or to attend negotiating sessions with the defendant's attorneys. Daniel Taubman's hours, for example, consisted largely of review of and comment upon the work of other attorneys and providing additional support to the work of Linda Olson and Eric Solem.

Linda Olson was lead counsel for the plaintiffs. Her attention was required for most all of the work done by plaintiffs team. It was her duty to coordinate the actors and approve all final work product. Her time was not duplicative and should be counted in total, with a few exceptions.

---

**2.** Defendant cites numerous cases standing for the proposition that travel expenses and fees for representation before the Social Security Administration are not compensable under subsection (d) of the EAJA. Such analysis is inapposite.

■ First, plaintiffs were not the prevailing party on the motion for a fee award filed under the theory of subsection (d) of the EAJA. Fees for time spent on this motion are not recoverable. Approximately 9.8 hours of Olson's time was billed to this task and should not provide the basis of an award. *See Ramos v. Lamm, supra,* at 556. Time expended in securing fees under subsection (b), where the plaintiffs prevailed, is compensable under § 1988 and here. *See Love v. Mayor of City of Cheyenne, Wyoming,* 620 F.2d 235, 237 (10th Cir.1980). I realize that much of the effort expended on the subsection (d) application carried over to the second fee request. But plaintiffs' efforts in filing two separate motions for attorney's fees were duplicative and wasteful. As such, no award is granted for time expended on the first fee application.

■ Second, defendant argues that plaintiffs cannot recover for approximately 47 hours of Olson's time spent preparing for and arguing before the Social Security Administration.[3] Had the plaintiffs prevailed in this case on dispositive issues, clearly before the Social Security Administration then plaintiffs could have collected fees for such efforts. The earlier and subsequent administrative hearings could be considered to constitute part of the plaintiff's remedy for wrongful denial of social security benefits. *See, e.g., New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). In this case, however, the overall merits of each claimant's case was not reviewed. Rather, what was considered was the standard of review employed by the Social Security Administration. In essence then, the administrative proceedings here constituted part of the wrong of which plaintiffs complained and not simply a lower forum for resolving claims. Thus, plaintiffs' claims which give rise to the fee award would not be ripe until after administrative determination. *See Venuti v. Riordan,*

702 F.2d 6, 9 (1st Cir.1983). Moreover, because the specific aspects of each individuals' claim must be considered by the Social Security Administration again, it is not clear that plaintiffs were the prevailing party on the final determination of benefits. They certainly were not the prevailing party on final determination in this tribunal as these issues were never examined. In that fee awards under subsection (b) of the EAJA are discretionary, I find that an award of fees for representation of individual claimants before the Social Security Administration would be inappropriate. Such proceedings are only ancillary to the issues presented in the motion for partial summary judgment and the motion for a permanent injunction on which the plaintiffs prevailed. Accordingly, 47 hours of Olson's time are deducted. She is not precluded by this opinion and order from recovering fees in each individual claim in which she represents the claimant before the Social Security Administration in accordance with its statutory scheme. Also unrelated to the specific aspects of this case are 68.65 hours spent by Olson on the telephone with clients and in preparation of specific social security cases. This time is not allowed. Time spent working on appeals of this case, as yet unresolved, and time spent in general meetings with disabled persons are also extraneous and not allowed. Thus, another five hours is deducted.

■ Defendant argues that time spent in court directed negotiations to arrive at an agreed upon injunctive order is not recoverable by plaintiffs. Such time, however, was directly related to the issues and problems in this case and aided in the resolution of the case. Such time provides the basis of an award of fees. *See Environmental Defense Fund v. Environmental Protection Agency,* 672 F.2d 42, 56–57 (D.C.Cir. 1982).

■ Eric Solem appears to have been the second lawyer working on plaintiffs case.

---

3. Attorney's fees are not allowed for representation before administrative agencies in fee awards under subsection (d) of the EAJA. *See,* *e.g., Guthrie v. Schweicker,* 718 F.2d 104, 108 (4th Cir.1983).

Much of his time was spent in first hand research and drafting of court papers. Moreover, he was present at many of the hearings and negotiating sessions involved in the case. Contrary to the defendant's assertions, Solem's time was not duplicative or wasteful. In most instances the defendant was represented by at least two attorneys. This is a good guide to the number of lawyers required by the plaintiffs. *See Ramos v. Lamm, supra,* at 554. Thus, as with Olson, Solem's time, with a few exceptions was reasonable and should be fully compensated. This compensation includes time expended traveling to and from Denver for hearings. *Id.* at 559. Solem's fee request is reduced by 4.0 hours spent preparing plaintiffs' fee request under subsection (d) of the EAJA and 4.25 hours spent representing individuals before the Social Security Administration.

◼ Eric Taubman was essentially the third attorney working on the case. Much of his time was spent in an advisory capacity, reviewing and commenting on the work of others. These efforts are duplicative and non-compensable. *Id.* at 554. I realize that the perspective and advice of another attorney can be useful in complex litigation such as this. I account for this by not deducting time from Olson's and Solem's hours spent in consultation with Taubman.

Moreover, some of Taubman's time, particularly in preparing papers for the EAJA subsection (b) application was spent on direct research and drafting. This time is accordingly charged to the defendant as part of the fee award. In total, Taubman's time is reduced by 94.7 hours.

◼ Attorneys Nicholls, Poskus and Determer represented individuals who intervened in this action. Much of their time was spent representing their individual clients before the Social Security Administration and cannot form the basis of the award. The rest of their time was only ancillary to the main issues in the lawsuit for which fees have been awarded or duplicative of the efforts of others. No fees are awarded for the time expended by Nicholls, Poskus and Detemer.

◼ John Whitehouse Cobb was apparently brought in during the final hours of this suit to provide additional expertise and support. I find such expenditures of time and effort to be reasonable. Howevewr, 21.4 hours of Cobb's time were spent on the fee application in which plaintiffs did not prevail. Fees are disallowed for these efforts.

In the final analysis fees are awarded as presented in the following table.

| Attorney | Rate/ Hour | Hours Requested | Hours Allowed | Total |
|---|---|---|---|---|
| Olson | $ 90 | 729.05 | 598.60 | $53,874.00 |
| Solem | 100 | 257.75 | 249.50 | 24,950.00 |
| Taubman | 100 | 192.50 | 97.80 | 9,780.00 |
| Poskus | 75 | 11.90 | –0– | –0– |
| Nicholls | 75 | 15.75 | –0– | –0– |
| Detemer | 75 | 21.75 | –0– | –0– |
| Cobb | 125 | 42.10 | 20.70 | 2,587.50 |
| | | 1270.80 | 966.60 | $91,191.50 |

◼ In overview, a total expenditure of 966.60 hours and a total fee award of $91,191.50 is reasonable, if not conservative, for a case involving the compexity and detail of this one. Accordingly, the plaintiffs are awarded attorney's fees in the amount of $91,191.50.

IT IS FURTHER ORDERED that defendants motion for relief from the order awarding fees is denied.