Gordon T. WEIR, Plaintiff,

v.

LEHMAN NEWSPAPERS, INC., d/b/a
Loveland Publishing Company,
Defendant.

Civ. A. No. 84–K–1967.

United States District Court,
D. Colorado,
Civil Division.

April 16, 1985.

Stanley T. Matsunaka, Starr & Matsunaka, P.C., Loveland, Colo., for plaintiff.

Mark L/ Fulford, Sherman & Howard, Denver, Colo., for defendant.

## ORDER

KANE, District Judge.

Plaintiff originally sought recovery from defendant in a suit filed in the state district court for Larimer County, Colorado. While that suit was pending, he commenced this action by filing an identical complaint. Subject matter jurisdiction was allegedly based upon the existence of a federal question pursuant to 28 U.S.C. § 1331. The first claim for relief sought recovery for "unwarranted invasion of Plaintiff's Constitutional right to freedom of association and right to personal choice in marital life." This allegation failed to raise a federal question that could vest this court with subject matter jurisdiction because the First, Fifth and Fourteenth Amendments all restrain government action not private persons. Plaintiff made no allegation that defendant was other than a private entity or that defendant's actions constituted state action. Plaintiff thus asserted no facts giving rise to a claim arising under the constitution, laws or treaties of the United States. None of the other claims in the complaint raised questions under federal law. Accordingly, plaintiff's complaint was dismissed for lack of subject matter jurisdiction.

Defendant argues that the complaint was not grounded in law or fact and was frivolous. Defendant moves for attorney fees pursuant to the provisions of Rule 11, Fed. R.Civ.P. Plaintiff responds that an award of fees is inappropriate because the complaint was not filed to harrass, to cause unnecessary delay or needlessly to increase the cost of litigation.

■ A defendant is not entitled to attorney fees as an automatic consequence of success on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P. To recover fees based upon the provisions of Rule 11, as amended in 1983, a party need show that his opponent's actions were unfounded in light of the law as it might develop and in light of supporting facts which might be established. This standard is similar to the ethical requirement that an attorney present only those arguments which are supported by existing law or a good faith argument to extend, modify or reverse existing law. *See* Code of Professional Responsibility, D.R. 7–102(A)(2). The provisions adopted in the Rule 11 amendment borrow from pre-1983 standards. The question raised by the Rule, before and after amendment, is whether the attorney acted reasonably. *See* Notes of Advisory Committee on Rules, Rule 11, 1983 Amendment; *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980).

Before the 1983 amendments attorneys were held to rather lax standards. Absent " 'clear evidence' that the claims ... [were] 'entirely without color and made for reasons of harassment or delay or for other improper purposes,' " attorney fees were denied. *Id.* (quoting *Brownig Debenture Holders' Committee v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir.1977). Courts generally looked to an attorney's subjective bad faith in determining whether he had violated old Rule 11. *See, e.g., Badillo v. Cent. Steel and Wire Co.,* 717 F.2d 1160, 1165 (7th Cir.1983). One District Court suggested that, "[i]nartful pleading and ignorance of legal requirements do not amount to the intentional abuse of judicial process that is the target of protective awards of attorneys' fees." *Gianna Enterprises v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1360 (S.D.N.Y.1982).

■ The 1983 amendments to Rule 11, however, more clearly provide for awards of expenses, including attorney fees, to deter spurious claims. The amended Rule provides:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after rea-

sonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harrass or to cause unnecessary delay or increase the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including reasonable attorney's fees.

The advisory committee report to the amendments suggests that the requirement that pleadings be well grounded in fact and law is far more stringent than under the earlier version of the Rule. The amendments were designed so as more forcefully to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Notes of the Advisory Committee on Rules, Rule 11, 1983 Amendment. Rule 11, as amended, seeks to focus greater attention on pleading and motion abuses. The Rule now places an affirmative duty on attorneys to insure that pleadings are reasonable in light of the facts and the law. Ignorance of the law will not be tolerated and frivolous actions will give rise to awards of fees.

■ The attorney, and not just his client, is responsible for insuring that a claim is well grounded in a plausible view of the law. When the questions raised are of law, rather than fact, the attorney's reliance on his client is minimal and the attorney's burden is, therefore, greater. Rule 11 imposes a personal duty on the attorney to "stop, think and investigate" before filing a pleading. Rothschild, Fenton and Swanson, *Rule 11: Stop, Think, and Investigate*, Vol. 11 No. 2 Litigation 13 (Winter 1985). If there is no objective basis for an attorney's belief that his client's claims are warranted by existing law or a good faith extension, modification or reversal of existing law then sanctions should be imposed. *See Woodfork By And Through Houston v. Gavin*, 105 F.R.D. 100 (D.Miss.1985); *Wells v. Oppenheimer & Co., Inc.*, 101 F.R.D. 358 (S.D.N.Y.1984). The Tenth Circuit has noted an analogous context that:

> It is well established that courts have the inherent power to impose a variety of sanctions on both litigants and attorneys to regulate their docket, promote judicial efficiency, and deter frivolous filings. (citations omitted)

*Morris v. Adam-Millis Corp.*, 758 F.2d 1352, 1357 n. 7 (10th Cir.1985).[1]

■ The facts here suggest that there was no plausible basis for plaintiff's attempt to invoke this court's subject matter jurisdiction. The complaint appears to be filed as no more than a duplication of the state court action. The federal claim thus needlessly expands the scope of litigation at the expense of judicial efficiency.

Defendant's motion for an assessment of fees is, therefore, granted. Such fees shall be paid personally by plaintiff's counsel. On or before April 29, 1985, defendant shall file affidavits and contemporaneous time records indicating the appropriateness of the amounts requested. *See, e.g., Blum*

---

1. Pursuant to the provisions of 28 U.S.C. § 1927, the Tenth Circuit has approved the imposition of sanctions to deter frivolous filings. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In situations similar to this one, courts have viewed Rule 11 and section 1927 as alternative bases for imposing sanctions. *See, e.g., Woodfork By and Through Houston v. Gavin*, 105 F.R.D. 100 (D.Miss.1985).

*v. Stenson,* ——— U.S. ———, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Ramos v. Lamm,* 713 F.2d 546 (10th Cir.1983); *Trujillo v. Heckler,* 596 F.Supp. 396 (D.Colo.1984). Plaintiff's counsel may respond to defendant's filings on or before May 13, 1985.