Albert MAGER, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. Nos. 83–K–1431, 85–K–59.

United States District Court, D. Colorado.

Nov. 7, 1985.

Lisa Robinow, Colo. Rural Legal Services, Inc., Alamosa, Colo., for plaintiff.

James R. Cage, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER GRANTING ATTORNEY FEES

KANE, District Judge.

Plaintiff is a 41-year old man who was severely injured in an automobile accident in 1969. He lost his left arm, broke several other bones in his body, and is in constant pain from three crushed vertebrae in his lower back. He was a paraplegic for three years, and suffers frequent epileptic seizures because he cannot afford his medicine. Despite the fact that there was objective evidence supporting plaintiff's assertion of severe pain, and no contradiction that he suffered compression injuries to the three vertebrae in his lower back, the administrative law judge found that plaintiff was still able to perform light work and was not disabled.

At a hearing on April 18, 1985, I reversed the Secretary's finding that the plaintiff was not disabled. Plaintiff has filed a verified motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, and, in the alternative, an application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412(d), *as amended by* Act of August 5, 1985, Pub.L. No. 99–80, 99 Stat. 183. I must decide, therefore, whether attorney fees should be awarded pursuant to the EAJA, imposed as a Rule 11 sanction, or denied altogether.

## I.

### ATTORNEY FEES UNDER THE EAJA

Attorney fees should be awarded to the prevailing party under the EAJA unless the position of the United States was substantially justified or special circumstances make such an award unjust. 28 U.S.C.A. § 2412(d)(1)(A). In *Trujillo v. Heckler*, 582 F.Supp. 701 (D.Colo.1981), I held that "fees may be recovered in a Social Security Act proceeding under the EAJA." *Id.* at 704. I also held that the standard for substantial justification is essentially one of reasonableness. I applied the "reasonable litigation-attorney" standard set forth by Judge Weinstein in *Zimmerman v. Schweiker*, 575 F.Supp. 1436, 1439 (E.D.N.Y.1983), complete with its "ethical and procedural obligations," in judging whether the government's position was substantially justified. *Id.* at 704–05.

In *Trujillo* I also stated that *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481 (10th Cir.1984), "require[d] me to consider the position the government takes before this court, not the position taken below during the administrative proceeding." *Id.* at 1487. Since I authored *Trujillo*, however, the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412, has been amended (Act of August 5, 1985, Pub.L. No. 99–80, 99 Stat. 183). Section 2(b) of the Act (to be codified at 28 U.S.C. § 2412(d)(1)(B)) provides:

Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the

action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Section 2(c)(2)(D) of the Act of August 5, 1985 amends subsection (d)(2) by providing: "position· of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings.

As noted by Senator Grassley, the sponsor of the amendment:

This bill makes a most important clarification from prior Equal Access to Justice Act. It states clearly that when deciding whether a prevailing party shall be awarded fees, a court or adjudicative officer shall evaluate both the Government's arguments made in the litigation and the agency action that made it necessary for the private party to seek relief. Thus, if the agency action that led to the litigation is not substantially justified, a prevailing party could be eligible for an Equal Access to Justice Act award, irrespective of the merits of the Government's arguments once they get to court.

131 Cong.Rec. S9992 (daily edition, July 24, 1985) (remarks of Senator Grassley). *See also* H.R.Rep. No. 120 (pt. 1) at 11, 99th Cong., 1st Sess., *reprinted in* 1985 U.S. Code Cong. & Ad.News 132 at 140 ("[These changes] clarify the Congressional intent that the 'position of the agency' is much broader than the litigation position, and includes actions and omissions of an agency or its staff to act based on a statutory, regulatory, or constitutional duty.").

Thus the amendments dictate that I examine both the initial determination of the agency and the government's actions defending in litigation when I make a determination as to whether the Secretary is substantially justified in her position. The amendments, and the accompanying legislative history, however, do not guide me in determining the nature of the test I should use for substantial justification. In fact, the legislative history is confusing, at times indicating that a government action must be more than merely reasonable to be substantially justified, and on the other hand indicating that the government could be considered substantially justified even when the agency action is arbitrary and capricious. *Compare* H.R.Rep. No. 120 (pt. 1) at 9, 99th Cong., 1st Sess., *reprinted in* 1985 U.S.Code Cong. & Ad.News at 138 ("[S]everal courts have held correctly that 'substantial justification' means more than merely reasonable. Because in 1980 Congress rejected a standard of 'reasonably justified' in favor of 'substantially justified,' the test must be more than mere reasonableness.") *and* 131 Cong.Rec. S9993 (remarks of Senator Grassley) ("[W]here the agency action is found by a court to be arbitrary and capricious or where there is little or no factual support for the agency action, the Government—as a practical matter—has its work cut out for it to prove substantial justification. Indeed, in the case of an arbitrary and capricious finding, I believe the plain meaning of the words strongly suggest that the Government was not substantially justified.") *with* 131 Cong.Rec. S9993 (daily ed. June 24, 1985) (remarks of Senator Thurmond) ("[T]he issues of 'substantial justification' relative to the fee award is a separate and distinct inquiry from whatever standard of review has been applied to the merits of the case. Therefore, there could be cases where an agency loses on the merits because a court has found its action to be arbitrary and capricious, but where no attorney fees would be awarded because the Government was substantially justified in the position it had taken.") Because I find the legislative history on this question conflicting, I will adhere to the standard set forth in *Trujillo v. Heckler*, 582 F. Supp 701, 704–05 (D.Colo.1984), and described above at page 1–2 of this order. At least one circuit, finding this legislative history "conflicting and inconclusive," chose to adhere to the circuit's previous standard for substantial

justification. *See Russell v. National Mediation Board*, 775 F.2d 1284 (5th Cir. 1985).

■ In this case, it was clear, from a review of the administrative record and from the April 18, 1985, hearing, that the government's position was not substantially justified. As I ruled at the hearing:

I've been listening to these cases for over seven years and I don't think I've ever seen one in which there's a greater demonstration of a total lack of compassion and exercise of casuistry and cynicism as this one. This decision is reversed. It is not based on substantial evidence and it ignores Tenth Circuit law with regard to consideration of pain. There is an incorrect application of the Secretary's own regulations concerning the grid and there is a failure to rebut the prima facie case that was established by the claimant.

Transcript at 14. The record was uncontradicted in demonstrating the physical causes for plaintiff's back pain. Plaintiff had all the objective manifestations supporting the existence of an impairment which would be expected to prove pain. Plaintiff's complaints of back pain, accompanied by objective medical evidence, established disability in plaintiff's case. The Secretary clearly misevaluated plaintiff's pain, and was not justified in her initial finding on that issue. In addition, no argument was made at the hearing in support of the administrative law judge's finding on the pain issue. Attorney fees under the EAJA are, therefore, appropriate.

## II.

### SANCTIONS UNDER RULE 11

Plaintiff claims that the defense attorneys violated Rule 11 by denying plaintiff's allegations that the administrative law judge had failed to give the proper weight to plaintiff's complaints of pain, and by persisting in arguing in support of the Secretary's determination that plaintiff could do light work. The amended Rule 11 provides:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonably inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harrass or to cause unnecessary delay or increase the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including reasonable attorney's fees.

As I have held previously, *see, e.g., Weir v. Lehman Newspaper, Inc.*, 105 F.R.D. 574 (D.Colo.1985), the requirement that pleadings be well grounded in fact and law is far more stringent under the 1983 amendment to Rule 11 than under the earlier version of the rule. *Id.* at 576. The amendments were designed to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Notes of the Advisory Committee on Rules, Rule 11, 1983 Amendment.

■ I will not impose Rule 11 sanctions in this case. First, the law has been to some degree in a state of flux. Second, while the defense attorney's denial that the secretary had misevaluated plaintiff's back pain is a matter of grave concern, this court has not imposed such a sanction in the past. This case should serve as notice, however, that such sanctions may be imposed in the future.

Although plaintiff cites some authority for me to award attorney fees under Rule 11 in this case, I prefer the approach taken by the district court in *Zimmerman v.*

*Schweiker,* 575 F.Supp. 1436 (E.D.N.Y. 1983). I quote at length from the opinion:

> Both the Equal Access to Justice Act and the 1983 Amendments to the Rules of Civil Procedure attempt to induce the lawyer to come to grips with the problem of unnecessary litigation, to encourage the attorney to exercise his or her mind and conscience in deciding whether the suit is worth prosecuting or defending.
>
> \* \* \* \* \* \*
>
> There is often a special excruciating problem for the government attorney. He or she cannot fire a client who will not take the litigator's advice, nor can the client discharge the government attorney.... The hope is that government officials in charge will be less apt to take unreasonable positions against the advice of government lawyers.
>
> To achieve this goal requires a higher standard than that provided for Rule 11 certifications. For, presumably, if certification were improper the government attorney would not act or the court would impose sanctions under Rule 11. Thus an appropriate standard under the Act must be higher than the minimum standard of Revised Rule 11 of the Federal Rules of Civil Procedure.
>
> \* \* \* \* \* \*
>
> No conclusion of this court should suggest that the United States Attorney for the Eastern District of New York, a person of high ethics and competence, has been violating either Rule 11 or Rule 7–102(A)(2). Yet, the statistics suggest that the government has been coming close to the line.

*Id.* at 1440–41. In *Zimmerman,* Judge Weinstein awarded fees under the EAJA, and declined to hold that Rule 11 had been violated. For the reasons stated, I also decline to impose Rule 11 sanctions in this particular case. The EAJA imposes an ethical obligation for attorneys very similar to that imposed by Rule 11.

It is therefore ORDERED that:

(1) Plaintiff's request for attorney fees under the EAJA is granted, and he shall be awarded $1,123.93 in attorney fees and expenses.

(2) Plaintiff's motion for sanctions under Rule 11 is denied.