Dorothy H. **PEAVY**, et al., Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 83–K–2448.

United States District Court,
D. Colorado.

Jan. 17, 1986.

Sheldon H. Smith, Pryor, Carney & Johnson, Englewood, Colo., for plaintiffs.

Nancy E. Rice, Asst. U.S. Atty., Denver, Colo., John D. Steffan, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER DENYING ATTORNEY FEES

KANE, District Judge.

Plaintiffs filed claims for refund of taxes paid pursuant to a notice of deficiency, and requested an appellate conference with the Internal Revenue Service on May 25, 1983. After no action by the Internal Revenue Service, this case was filed on December 16, 1983. Settlement was reached eventually, and a stipulation of dismissal was signed by plaintiffs' attorney, on September 19, 1985. Plaintiffs now seek to recover attorney fees pursuant to 26 U.S.C.A. § 7430.

Prevailing parties may be awarded judgment for reasonable litigation costs in tax cases. 26 U.S.C.A. § 7430(a). To be a prevailing party, however, plaintiffs must establish (1) that the position of the United States in the civil proceeding was unreasonable, and (2) that the party has substantially prevailed either with respect to the amount in controversy or on the most significant set of issues present. *See* 26 U.S.C.A. § 7430(c)(2)(A)(i) and (ii)).

It is clear that plaintiffs have substantially prevailed in the proceeding. *See, e.g.,* the September 11, 1985 letter from the defendant accepting plaintiff's amended offer of settlement (exhibit No. 2 to plaintiffs' brief in support of their motion for reasonable litigation costs). Thus, the second element of the "prevailing party" test has been met.

The first element requires more discussion. It is unclear whether the position of the United States was substantially justified.

Defendant argues that the position of the United States refers only to the position of the government in litigation. Although the district courts are not in agreement on whether pre-litigation conduct should be considered in determining the issue of reasonableness, this circuit has spoken on the issue. Borrowing from case law interpreting the words "position of the United States" in the attorney fees provision in the

Equal Access to Justice Act, 28 U.S.C.A. § 2412(d), *as amended by* Act of August 5, 1985, Pub.L. No. 99–80, 99 Stat. 183, the Tenth Circuit has held:

> We do not believe that the position of the Government in the underlying civil contempt . proceeding was unreasonable. For this purpose, the position of the United States means the arguments relied upon by the Government in litigation. *See United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1487 (10th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984).

*United States v. Balanced Financial Management, Inc.,* 769 F.2d 1440, 1450 (10th Cir.1985). *Cf. Kaufman v. Egger,* 758 F.2d 1 (1st Cir.1985).

The Tenth Circuit's opinion in *2,116 Boxes of Boned Beef* was issued in 1984, and its opinion in *Balanced Financial Management* was issued on July 30, 1985. On August 5, 1985, Congress amended the Equal Access to Justice Act (Act of August 5, 1985, Pub.L. No. 99–80, 99 Stat. 183). Section 2(c)(2)(D) of the Act (to be codified at 28 U.S.C. § 2412(d)(2)(D), provides:

> "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings.

*See also Mager v. Heckler,* 621 F.Supp. 1009 (D.Colo.1985) (Kane, J.) (discussing at length the legislative history of this change and applying the new standard).

At least one district court has been persuaded that these recent amendments to the EAJA also support a broader construction of the words "civil proceedings" in determining whether the position of the United States was substantially justified in tax cases. *See Finney v. Roddy,* 617 F.Supp. 997 (E.D.Va.1985). In *Finney,* the district court held:

> The Court believes that "position of the United States" in Section 7430(c)(2)(a)(i) of Title 26 should be read in pari materia

with the same phrase in the analogous provision of the EAJA, 28 U.S.C. § 2412(d)(1)(A) (as amended). Both statutes were enacted to govern the award of attorneys' fees against the federal government. Indeed, Section 7430 can be viewed as an extension of the goals of the EAJA to all types of federal tax cases: it expanded the principle of attorneys' fee recovery for parties who prevail against the federal government to litigants in tax cases before the United States Tax Court.... The Court has found nothing in the legislative history— or in Section 7430 itself—to suggest that "position of the United States" was intended to vary from one statute to the other. Accordingly, the Court, following the guidance of Congress in its recent amendments to the EAJA, concludes that "position of the United States" in 26 U.S.C. § 7430(C)(2)(A)(i) refers to the position of the IRS in its administrative proceedings as well as to the Government's position following the filing of a complaint in the federal district court, tax court, or court of claims.

*Id.*, at 1001. The reasoning in that case is thoughtful and persuasive. It does not strengthen, however, plaintiffs' argument for recovery of fees.

■ The facts alleged by plaintiffs as grounds for determination that the government's position was unreasonable are insufficient for such a finding. The fact that the government was fined for failure to appear at an August 29, 1985, settlement conference does not constitute an unreasonable litigation position by the government. It is true that, because plaintiffs did not receive notification that an appeals conference was granted within six months of requesting same, plaintiffs' administrative remedies within the IRS were exhausted. While that is a *condition* for an award of fees under § 7430, it is not *grounds* for such an award.

■ Further, fourteen months for settlement to be completed (using the July 30, 1984 date as the time in which defendant conceded settlement was likely) is not unreasonable. The issues in this case were extremely complicated. Plaintiffs simply do not convince me that the government was substantially unjustified in its conduct before or during this litigation.

My decision is supported by examining the chronology of events submitted by plaintiffs. The notices of deficiency were issued on August 9, 1982, and paid by plaintiffs by February, 1983. In May, 1983, plaintiffs filed their claims for refund and requested conference with the IRS. In December, 1983, they filed this suit. In July, 1984, at a settlement conference, the United States conceded the suit should be settled, and in September, 1985, final settlement was reached. Further, plaintiffs' attorneys admit, (*see* Exhibit No. 1 to plaintiff's brief in support of their motion at page 7, a confidential settlement memorandum to Magistrate Schauer,) that the incompetent advice the plaintiffs had received over a number of years "has lead to significant misunderstanding and misinterpreation [sic] by the IRS examiners who have looked at the case." I decline to find the government was unreasonable in its conduct.

It is therefore ORDERED that plaintiffs' request for reasonable attorney fees is denied. Each party is to bear their/its own costs.