The plaintiff, Geraldine Blane, appeals from a summary judgment entered in favor of the defendant, Alabama Commercial College, Inc., d/b/a Riley Business College, in Blane's lawsuit alleging breach of contract, fraud, and "educational malpractice" and claiming $703,695. The trial court found that the evidence before the court on the summary judgment motion presented no genuine issue of material fact. We agree.
In 1988, Blane was a 34-year-old housewife and part-time cook with a ninth grade education.[1] She wanted to change the status of her life and was interested in returning to school. After discovering Riley Business College through a television advertisement, Blane was urged by a friend to contact the college to learn more about it. Blane spoke with a representative, Linda Brown, who explained to her the computer/clerical program, as well as the tuition costs and the financial aid that was available. Blane expressed concern to Brown about her inability to type, but Brown assured Blane of her ability to learn, explaining that the course was 26 weeks long and that 13 weeks were devoted solely to typing instruction. Brown told Blane that the policy of Riley Business College was to require each student to pass a typing proficiency test at 35 words per minute before he or she could receive a diploma. According to Brown, the test is designed to qualify students to compete in the job market.
Based upon this information, Blane entered into an agreement with Riley Business College to enroll in the 26-week computer/clerical course beginning in the fall of 1988. Blane applied for financial aid to *Page 867 
cover the $3,695 tuition cost; she was awarded $2,200 under the Pell Student Grant Program and $2,493 in guaranteed student loans. After payment of tuition and fees, Blane was awarded a residual amount of $998.75 to cover other costs related to education.
During the 26-week course, Blane attended every class session, with the exception of a two-week excused absence. Her progress was monitored by a computer, which timed her typing lessons and graded her assignments for errors. According to the electronically graded assignments, in March 1989 Blane had achieved a typing proficiency of between 33 and 36 words per minute. Blane worked on her assignment daily after class to improve her skills; however, she concedes that she did not specifically request additional instruction from her instructors. At the completion of the course, Blane passed the final typing proficiency examination with a score of 46 words per minute with 9 errors. Blane graduated from the course in May 1989.
Upon graduation, Blane was unable to find employment in the computer/clerical field. She was told by one employment agency that it was difficult to place Riley Business College graduates in employment. After applying for approximately 15 clerical positions to no avail, Blane sued Riley Business College, alleging breach of contact, fraud, and educational malpractice. After the trial court entered a summary judgment in favor of Riley Business College, Blane appealed to this Court.
Initially, we point out that a summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to provide "substantial evidence" in support of his position. Ala. Code 1975, § 12-21-12; Rule 56, A.R.Civ.P.; Hanners v. BalfourGuthrie, Inc., 564 So.2d (Ala. 1990); Bass v. SouthTrust Bankof Baldwin County, 538 So.2d 794 (Ala. 1989). The trial court is required to view all of the evidence offered by the moving party in support of its motion in the light most favorable to the nonmovant. Hanners, supra, and Bass, supra. With this standard in mind, we now address the merits of Blane's contentions.
Blane contends that Riley Business College represented to her that it would provide her with the necessary training to compete in the job market and that before she graduated she would have the minimum skills necessary to do so. Blane claims that these representations were fraudulent and that she relied on them prior to entering into a contract with the college. Riley Business College argues that its representations to Blane were in no way fraudulent, because Brown had explained to Blane prior to entering into the contract that the college's view of minimum skills for clerical positions is the ability to type 35 words per minute.
The essential elements of a fraud claim have been stated many times by this Court. For example, in Ramsay Health Care, Inc.v. Follmer, 560 So.2d 746, 749 (Ala. 1990), we said:
 "The essential elements of a fraud claim are (1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence."
560 So.2d at 749 (citation omitted). See Ala. Code 1975, §6-5-101.[2] See, also, Harris v. M S Toyota, Inc., 575 So.2d 74
(Ala. 1991). We have also stated that evidence that a defendant made mere statements of opinion will not suffice as evidence of fraud inducing the signing of a contract. Gadsden Paper Supply v. Washburn, 554 So.2d 983 (Ala. 1989). There must be a false assertion of fact that is relied on by the other party.Keller v. Security Federal Sav. Loan Ass'n, 555 So.2d 151
(Ala. 1989). The standard by *Page 868 
which reliance is assessed in fraud cases is "justifiable reliance." Hickox v. Stover, 551 So.2d 259 (Ala. 1989).
The record before us does not contain sufficient evidence to support an action for fraud. At the time Blane and Riley Business College entered into their agreement, the college promised to provide Blane with minimum clerical skills for her to compete in jobs in the clerical field. Prior to Blane's entering into a contact with Riley Business College, the college disclosed that its view of minimum skills was a typing proficiency of 35 words per minute. Blane agreed to pay Riley Business College $3,625 for a 26-week course that would enable her to obtain the minimum skills. At the end of the 26-week course, Blane was able to type at least 35 words per minute, as promised. Blane clearly received what she bargained for with Riley Business College.
The essence of Blane's claim is that she was unable to find employment in the computer/clerical field despite the training she received from Riley Business College. However, we find no cause of action for breach of contract or fraud stemming from such a claim, because there is no evidence that anyone from Riley Business College guaranteed Blane a job or gave her the assurance that she would find a job upon completing the 26-week course. Cf. Joyner v. Albert Merrill School, 97 Misc.2d 568,411 N.Y.S.2d 988 (N.Y. City Civ.Ct. 1978) (A student was successful in his breach of contract and fraud claims against a college that "promised" him a $10,000-a-year job upon completion of a particular course of study). Thus, the summary judgment was proper as to the breach of contract and fraud claims.
As to Blane's claim of "educational malpractice," we find no case establishing such a cause of action, and we will not recognize such a cause of action based on the facts of this case. See generally W. Valente, 2 Education Law, Public andPrivate § 19.71-72 (1985). See generally Annot., "Tort Liability — Educational Malpractice," 1 A.L.R. 4th 1339 (1980). Thus, the summary judgment was also proper as to Blane's educational malpractice claim.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] The record shows that Blane received her G.E.D. certificate from the State of Alabama on March 9, 1979.
[2] Section 6-5-101 recognizes a "fraud" claim based on innocent misrepresentation; the element of willfulness or recklessness need not be proven on such a claim.