**Andrea HOUSTON (a minor), individually and by and through her parents and next friends, Charles and Beverly Houston, Plaintiff,**

v.

**MILE HIGH ADVENTIST ACADEMY; Rocky Mountain Conference of Seventh–Day Adventists; Mid–America Union of Seventh–Day Adventists; North American Division of Seventh–Day Adventists; General Conference of Seventh–Day Adventists; Steven L. Chaffin; Debbie Chaffin; Nathaniel Chaffin; Everett Schlisner; Cyril Myers; Roger Brodis; Rory Pullens; and John and Jane Does I through X, Defendants.**

Çiv. A. No. 93–K–2462.

United States District Court,
D. Colorado.

Dec. 8, 1994.

---

Jack Silver and G. Michael Schuyler, Denver, CO, for plaintiff.

Melvin B. Sabey, Denver, CO, James H. Kizziar, Jr. and Robert Shaw–Meadow, San Antonio, TX, for defendants Mile High Adventist Academy, Rocky Mountain Conference of Seventh–Day Adventists, Mid–America Union of Seventh–Day Adventists, North American Div. of Seventh–Day Adventists, and The Gen. Conference of Seventh–Day Adventists.

Frank Patterson, Denver, CO, for defendant Debbie Chaffin.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This case is before me on three motions. In the first, Plaintiff Andrea Houston requests clarification and/or reconsideration and certification with regard to my March 22, 1994 Memorandum Opinion and Order on Defendants' two motions to dismiss under Fed.R.Civ.P. 12(b)(6). In the second, Defendants Mile High Adventist Academy, Rocky Mountain Conference of Seventh–Day Adventists, Mid–America Union of Seventh Day Adventists, North American Division of Seventh–Day Adventists, and General Conference of Seventh–Day Adventists (collectively, the "Mile High Defendants") seek dismissal of the first amended complaint under Rule 8 and Rule 12(b)(6) and sanctions against Houston's counsel pursuant to 28 U.S.C. § 1927 and to the court's inherent contempt powers for failure to comply with my order of March 22, 1994. In the third motion Defendants Steven L. Chaffin and Debbie Chaffin move for dismissal under Rule 12(b)(6).

For the reasons stated below, I deny Houston's motion, grant the motion of the Mile High Defendants, deny the motion of Steven and Debbie Chaffin as moot and award sanctions against Houston's counsel.

### I. *Facts and Procedural History.*

Plaintiffs Charles and Beverly Houston, individually and on behalf of their minor daughter, Andrea Houston, filed this action in state court on or about November 4, 1993.[1] Defendants removed the case to federal court on November 22, 1993, on the basis of federal question jurisdiction.

The initial complaint contained seventeen claims for relief against some or all Defendants allegedly arising out of Andrea Houston's enrollment and attendance of high school at the Mile High Academy. On March 22, 1994, I entered a Memorandum Opinion and Order ("Order") on Defendants' two motions to dismiss under Fed.R.Civ.P. 12(b)(6), published as *Houston v. Mile High Adventist Academy,* 846 F.Supp. 1449 (D.Colo.1994).

On April 25, 1994, Houston filed a motion for remand, motion for clarification and/or reconsideration, first amended complaint and demand for jury. On April 26, 1994, I struck all pleadings filed on April 25, 1994 for failure to comply with D.C.COLO.L.R. 7.1.A.

On April 28, 1994, Houston filed a motion for reconsideration and certification with respect to the April 26, 1994 minute order striking the amended complaint and demand for jury. She also filed an amended motion for remand and certification requesting me to remand this action to the District Court, City and County of Denver on the grounds of lack of subject matter jurisdiction. Third, Houston filed an amended motion for clarification and/or reconsideration and certification with respect to the March 22, 1994 Order.

On April 29, 1994, I ordered a briefing schedule on the motions for clarification and/or reconsideration and on the motion to remand and ordered Defendants to respond to the amended complaint. On May 10, 1994, the Mile High Defendants filed responses and motions to dismiss and for sanctions. Steven and Debbie Chaffin likewise filed responses to the motions and a motion to dismiss. Nathaniel Chaffin filed an answer to the amended complaint.

On May 10, 1994, I denied Houston's amended motion for remand and ordered a briefing schedule for the Mile High Defendants' motion to dismiss. On May 26, 1994 I granted Houston's motion for enlargement of time and ordered her to file a consolidated brief replying and responding to all pending matters including the Chaffins' motion to dismiss. I stated upon review of all briefs I would determine whether to schedule oral arguments. On June 9, 1994, Houston filed her consolidated brief. Thereafter the Mile High Defendants, Steven and Debbie Chaffin

---

1. In the March 22, 1994 order, I dismissed Charles and Beverly Houston in their individual capacities. Accordingly, Andrea Houston is now the sole plaintiff appearing "individually and by and through her parents and next friends, Charles and Beverly Houston." (First Am. Compl. & Dem. Jury Trial at 1.)

filed reply briefs with respect to their motions to dismiss. Having examined all the briefs, I find oral argument is unnecessary.

The amended complaint contains nine claims for relief: (1) negligence, (2) breach of fiduciary duty and (3) outrageous conduct against Mile High Adventist Academy; (4) vicarious liability against Rocky Mountain Conference of Seventh Day Adventists, Mid–America Union of Seventh Day Adventists, North American Division of Seventh Day Adventists and General Conference of Seventh Day Adventists; (5) assault and battery and (6) outrageous conduct against Nathaniel Chaffin; (7) breach of contract and (8) fraud against Mile High Adventist Academy; and (9) negligence against Steven and Debbie Chaffin.

Houston's claims against the school and its governing bodies are based on its alleged failure to fulfill its representations and promises regarding educational services, including its failure to supervise and control students and teachers. Houston alleges, to the knowledge of the school, different teachers made offensive remarks, used inappropriate teaching materials, gave unwarranted grades, and a teacher allowed students to use his home for sexual relations. She maintains the governing bodies of the school are vicariously liable for its acts and omissions.

Houston's claims against Nathaniel Chaffin, a student at Mile High are based on allegations that he physically assaulted her. The claim against Nathaniel's parents is founded on their purported knowledge of his propensities toward assault and battery and their failure to control him.

## II. *Motion for Clarification and/or Reconsideration.*

■ Houston's motion for clarification and/or reconsideration and certification is primarily a request for direction as to whether the amended complaint conforms to the Order of March 22, 1994. The motion seeks court condonation with respect to Houston's inclusion in her simultaneously filed amended complaint of certain causes of action and certain Defendants.

■ Although Houston's counsel professes good faith in bringing this motion to attempt

compliance with the Order, he does not cite any legal authority permitting such motion to clarify. In requesting clarification, Houston's counsel asks for guidance in the form of an advisory opinion, rather than for specific relief. The Constitution, however, limits the exercise of the judicial power to "cases" and "controversies." A "controversy" in this sense must be one that is appropriate for judicial determination. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 239–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617, *reh'g denied,* 300 U.S. 687, 57 S.Ct. 667, 81 L.Ed. 889 (1937). *See also Sierra Club v. Yeutter,* 911 F.2d 1405, 1420 (10th Cir.1990) ("[t]he federal courts do not render advisory opinions"). I therefore deny the motion insofar as it seeks clarification.

■ Houston asks me to reconsider the order dismissing Debbie Chaffin, Steven Chaffin, Schlisner, Myers, Brodis and Pullens because she "continues to believe," (Am. Mot. Clarification and/or reconsideration and Certif. at 4–5), she has claims against them. A motion for reconsideration is proper "when the court has patently misunderstood a party, or has ... made a mistake not of reasoning but of apprehension.... [or] if there has been a significant change or development in the law or facts since submission." *Equal Employment Comm'n v. Foothills Title Guar. Co.,* 1991 WL 61012, at *3 (D.Colo. April 12, 1991), *aff'd,* 956 F.2d 277 (10th Cir.1992). Having reviewed Houston's arguments for reconsideration, I find no reason to alter or amend the Order and therefore deny the motion.

## III. *Motions to Dismiss.*

### A. *Order on Motions to Dismiss Initial Complaint.*

■ The motions to dismiss must be considered against the backdrop of the Order of March 22, 1994. There I admonished counsel to comply with the standards of Fed. R.Civ.P. 8(a)(2) requiring the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." I dismissed a number of claims as "clearly without merit" and stated "[a]s to the remainder of the claims, Plaintiffs will be

permitted to file an amended complaint, 'which outlines in clear, direct and understandable terms the precise factual allegations to support each essential element' of the remaining claims." *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1454 (quoting *National Commodity & Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1244 (10th Cir.1989).

I granted the Mile High Defendants' motion to dismiss as to all claims "based on allegations asserting that Mile High was not operated in conformity with religious teaching" as well as all "claims based on a theory of educational malpractice," which included the claims for negligence, willful and wanton negligence, negligent misrepresentation, negligent supervision, negligent entrustment, negligent hiring and retention, negligent infliction of emotional distress, outrageous conduct, breach of contract, deceit, deceit based on concealment and breach of fiduciary duty. *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1459.

I also granted Steven L. and Nathaniel Chaffin's motion to dismiss the negligence per se, civil conspiracy, negligent supervision, negligent infliction of emotional distress, negligent entrustment, negligence, outrageous conduct, willful and wanton conduct and punitive damages claims. *Id.*

I dismissed Charles and Beverly Houston in their individual capacities and also dismissed the claims against Defendants Debbie Chaffin, Everett Schlisner, Cyril Myers, Roger Brodis, Rory Pullens and Maureen Sackett. *Id.*

Finally, I struck the complaint and ordered any amended complaint to be "plead in strict conformity with Rule 8 and Rule 11 . . . or this civil action will be dismissed with prejudice." *Id.*

### B. *Merits.*

I address the merits of the pending motions to dismiss, dealing with each claim on which dismissal is sought in its numerical order.

### 1. *Negligence against Mile High Adventist Academy.*

In her first claim for relief, Houston incorporates by reference all preceding allegations and then maintains Mile High breached the following duties: "to protect its students . . . from the unlawful Sexual Harassment, which includes the assault and battery by Student Chaffin," (First Am. Compl. ¶ 4.3), "to institute a discipline procedure in order to protect its students . . . from the unlawful Sexual Harassment," (*id.* ¶ 4.3), "to follow its policies and procedures in order to protect its students . . . from the Unlawful Sexual Harassment," (*id.* ¶ 4.4), "to supervise and control its parents and teachers in order to protect its students . . . from the Unlawful Sexual Harassment," (*id.* ¶ 4.5), "to supervise and control its students . . . in order to protect its other students . . . from the Unlawful Sexual Harassment," (*id.* ¶ 4.6).

Houston has, once again, contrary to the Order, "incorporate[d] by reference all preceding allegations to support each claim, never referencing the specific facts or events upon which each is based." *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1453. To the extent Houston attempts to give Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), she bases her negligence claim on educational malpractice and sexual harassment. My Order already dismissed claims based on these premises. *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1456–59.

█ The alleged duties to protect students, institute a discipline procedure, follow policies and procedures and supervise and control its parents and teachers "raise questions concerning the reasonableness of conduct by educational institutions in providing particular educational services to students—questions that must be answered by reference to principles of duty, standards of care, and reasonable conduct associated with the law of torts." *Cencor, Inc. v. Tolman,* 868 P.2d 396, 399 (Colo.1994). Houston's negligence claim based on these allegations amounts to one for educational malpractice and is not cognizable. *Id.; Houston v. Mile*

*High Adventist Academy,* 846 F.Supp. at 1456.

■ Insofar as Houston's negligence claim is premised on a duty to protect students from "unlawful Sexual Harassment," I have already ruled "Title VII sexual harassment does not apply in this instance. It applies to discrimination in employment. 42 U.S.C. 2000e–2 (defining unemployment practices by an employer)." *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1457. I further noted since Title VII provides "a specific means of enforcing legal duties unknown at common law, the remedies [thereunder] are exclusive. *See Henry v. Kemp,* 829 P.2d 505, 506 (Colo.App.1992)." *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1457.

Houston does not identify any statutory or common law basis for a state law claim based on a duty to protect against unlawful sexual harassment. In her consolidated brief, with respect to her motion for clarification and/or reconsideration, Houston refers to *Moses v. Diocese of Colorado,* 863 P.2d 310 (Colo. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2153, 128 L.Ed.2d 880 (1994), and *Destefano v. Grabrian,* 763 P.2d 275 (Colo.1988) as "the leading Colorado cases for the proposition that Colorado specifically recognizes that tort liability attaches for sexual improprieties even if as a result of religiously motivated conduct and, in particular, claims sounding in negligence, fiduciary duty, outrageous conduct and vicarious liability." (Plaintiff's Consolidated Br. at 21.) It is apparently on the basis of these decisions that Houston has framed her first four claims for relief.

Houston's extrapolation is inapposite. *Moses* and *Destefano* each concerned causes of action against a priest and his diocese for injuries sustained as a result of the priest engaging in sexual relations with a parishioner who had sought counselling from him. The cases extensively discuss the duties of a clergyman who has assumed the role of counsellor and those of his diocese in appointing and supervising him. Where is the nexus?

Houston has not, and cannot, cite a single Colorado case imposing liability on a school or its governing bodies on a common law negligence theory based on the type of allegations in her amended complaint which she terms "unlawful Sexual Harassment." Since there is no such authority, the first claim for relief fails to state a claim upon which relief can be granted.

### 2. *Breach of Fiduciary Duty against Mile High Adventist Academy.*

■ In her second claim for relief, Houston incorporates by reference all preceding allegations, states Mile High and its employees and/or agents occupied a "superior position over the Plaintiff," (Am. Compl. ¶¶ 4.11, 4.12), which "created trust and reliance in Plaintiff," (*id.* ¶ 4.13), "upon Defendant Mile High and its employees and agents, to protect her from the unlawful Sexual Harassment, which includes the assault and battery by student Chaffin." (*Id.* ¶ 4.14). Houston maintains "Defendant Mile High assumed a duty to act in the Plaintiff's best interests," (*id.* ¶ 4.15), and "breached its fiduciary duty to Plaintiff." (*Id.* ¶ 4.16).

For the reasons stated with respect to the first claim for relief, I dismiss Houston's claim for breach of fiduciary duty because it amounts to a variant theory based on the same factual allegations of "Unlawful sexual harassment." Just as there is no authority that the alleged acts constitute a cognizable basis for a state law negligence claim, so too, they do not ground a legitimate claim for breach of fiduciary duty.

Second, Houston has, contrary to my admonition, again incorporated earlier allegations by reference making it "impossible to discern how the ... general allegations ... support the required elements of" the claim for breach of fiduciary duty. *See Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1454. For example, "which factual allegations support the claims that Mile High and its employees and/or agents occupied a superior position over the Plaintiff," (Am. Compl. ¶¶ 4.10–4.12), or held a position which "created trust and reliance in the Plaintiff?" (*Id.* ¶ 4.13.) Houston cannot withstand scrutiny under Rule 12(b)(6) by simply alleging that a fiduciary relationship existed, rather, she "must allege sufficient facts to support [her] claim that a fiduciary duty existed." *Rosales*

*v. AT & T Info. Sys., Inc.,* 702 F.Supp. 1489, 1499 (D.Colo.1988). Houston has not done so.

Third, no court has formally adopted "the theory that an educational institution acts as a fiduciary or occupies a position of trust and confidence in relation to its students." James A. Rapp, *Education Law* § 8.01[2][c], at 8–7 & n. 26 (1994). Accordingly, Houston does not state a claim for breach of fiduciary duty upon which relief can be granted.

### 3. *Outrageous Conduct against Mile High Adventist Academy.*

In her third claim for relief, Houston again incorporates by reference the allegations of all preceding paragraphs. (Am. Compl. ¶ 4.18.) Houston then alleges the conduct as set forth above of Defendant relating to the Sexual Harassment and the assault and battery by Student Chaffin "makes it liable to the Plaintiff for severe emotional distress, mental suffering, mental pain, pain and suffering and other emotional distress, in the past present and future," (*id.* ¶ 4.19), and "constitutes outrageous conduct," (*id.* ¶ 4.20), that Defendant Mile High "engaged in extreme and outrageous conduct," (*id.* ¶ 4.21), and "engaged in the conduct recklessly or with the intent of causing Plaintiff severe emotional distress." (*Id.* ¶ 4.22).

Here, Houston has patently ignored both my Order and Rule 8(a)(2). She fails to demonstrate how the general allegations establish the essential elements of a claim for outrageous conduct or to detail specific acts by Mile High entitling her to relief.

I have already dismissed the outrageous conduct claim insofar as it relies on a theory of educational malpractice. *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1459. Inasmuch as the claim is yet another variant theory based on the same factual allegations of "Unlawful sexual harassment," as already discussed, Houston provides no authority for a negligence or breach of fiduciary duty claim based on such allegations. *A fortiori,* Houston cannot sustain a claim for outrageous conduct based on these allegations; nor does she cite any authority recognizing such claim under similar circumstances.

In *Gard v. Teletronics Pacing Sys., Inc.,* I stated:

> The [outrageous conduct] claim is not some sort of froth to be lathered over other claims, but consists of discrete elements established in law to prevent the intentional infliction of mental suffering. It is not meant to be an incantation to augment damages. Proof of the tort of outrageous conduct must consist of either an extreme act, both in character and degree, or a pattern of conduct from which the ineluctable conclusion is the infliction of severe mental suffering was calculated or recklessly and callously inflicted.

859 F.Supp. 1349, 1354 (D.Colo.1994). For these reasons, Houston's claim for outrageous conduct does not state a claim upon which relief can be granted.

### 4. *Vicarious Liability against Rocky Mountain Conference of Seventh Day Adventists, Mid–America Union of Seventh Day Adventists, North American Division of Seventh Day Adventists, and General Conference of Seventh Day Adventists.*

In her fourth claim for relief, Houston incorporates by reference allegations in all preceding paragraphs and maintains Rocky Mountain Conference of Seventh Day Adventists, Mid–America Union of Seventh Day Adventists, North American Division of Seventh Day Adventists and General Conference of Seventh Day Adventists

> are liable for the acts of Defendant Mile High and its employees and/or agents acting on their behalves with regard to the monitoring of policies and discipline at Mile High, including the duties to protect the students, to follow policies and procedures, to supervise, control and train teachers, and all as it relates to the Plaintiff with regard to the Sexual Harassment, which includes the assault and battery by Student Chaffin.

(Am. Compl. ¶ 4.26.)

Under Colorado law, a master may be liable for an employee's tort where the tort is committed within the course and scope of employment. *Moses v. Diocese of Colo.,*

863 P.2d at 329–330. Houston's fourth claim is premised on the tortious acts of Mile High as set forth in her first, second and third claims for relief. I have determined each of these causes of action fails to state a claim upon which relief can be granted. Accordingly, there is no tort to ground Houston's claim for vicarious liability, which must also fail.

### 5. *Breach of Contract against Mile High Adventist Academy.*[2]

■ As part of the general allegations, Houston states at the time of her enrollment and "in subsequent years," she and her parents were provided with "various marketing materials, including, but not limited to, a Mile High Adventist Academy School Brochure which promised the Plaintiff and her parents certain educational services," (*id.* ¶ 3.3), and "were provided with oral representations which promised the Plaintiff and her parents certain educational services." (*Id.* ¶ 3.4.)

In the Order, I stated "although [plaintiffs] have alleged a breach of contract claim and two claims for deceit, these claims are not based on 'specifically promised educational services,' but simply attack in broad terms Andrea's educational experience at Mile High." *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1456. As such, I found these claims deficient under *Cencor, Inc. v. Tolman,* 868 P.2d 396, 398–99 (Colo. 1994). In *Tolman,* the court referred to contract claims that "attack the general quality of educational experiences provided to students," which courts have rejected as "[raising] questions concerning the reasonableness of conduct by educational institutions in providing particular educational services to students—questions that must be answered by reference to principles of duty, standards of care, and reasonable conduct associated with the law of torts." *Id.*

I noted the distinction between such claims and those where it is alleged " 'that educational institutions have failed to provide

specifically promised educational services, such as a failure to offer any classes or a failure to deliver a promised number of hours of instruction.' " *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1456 (quoting *Tolman* at 399).

■ Houston's allegations in support of her breach of contract claim remain an attempt to repackage an educational malpractice claim. She outlines eleven promises allegedly made:

> to train the Plaintiff thoroughly for professional and vocational attainments ... to provide the Plaintiff a foundation of basic knowledge and mental skills consistent with the requirements of contemporary society ... to provide the Plaintiff a strong academic foundation in order to continue her formal education beyond the secondary level, or to begin a career immediately following the secondary level of education ... to safeguard the scholastic atmosphere of the school ... to institute a discipline procedure with regard to inappropriate student behavior ... to require its students to engage in a standard of conduct prohibiting fighting on the school grounds ... to hold its students strictly responsible at all times for diligent application to school work and the development of efficient study habits ... to maintain conditions which would promote the proper atmosphere for learning in all school activities ... to provide a better education than a public school ... to provide the Plaintiff with an invaluable education ... to provide the Plaintiff a higher standard of education than a public school.

(*Id.* ¶ 4.50.)

These allegations do not amount to the "specifically promised educational services" envisaged in *Tolman,* 868 P.2d at 399. In order to adjudicate this claim for relief, I would have to determine the reasonableness of Mile High's conduct relating to the alleged breaches of promise. In my determination I would have to refer to "principles of duty,

---

**2.** This is Houston's seventh claim for relief. Houston's fifth claim for relief is for assault and battery her sixth for outrageous conduct against Nathaniel Chaffin. Nathaniel Chaffin answered

the amended complaint on May 10, 1994. Accordingly, the adequacy of Houston's pleading of these causes of action is not before me.

standards of care, and reasonable conduct associated with the law of torts." *See Id.*

Houston's attempt to align her allegations with those in *Ross v. Creighton Univ.*, 957 F.2d 410 (7th Cir.1992) is misplaced. There, the court recognized a cognizable breach of contract claim based on the University's promise, in exchange for Ross' promise to play on its basketball team "to allow him an opportunity to participate in a meaningful way, in the academic program of the University despite his deficient academic background." *Id.* at 415–16. To adjudicate Ross' claim, the court was required not to determine whether the University had breached its contract with Ross by "providing *deficient* academic services. Rather, its inquiry would be limited to whether the University had provided any real access to its academic curriculum at all." *Id.* at 417.

I conclude Houston fails to state a claim for breach of contract upon which relief can be granted.

### 6. *Fraud against Mile High Academy.*

■ Houston's eighth claim for relief alleges Mile High made false misrepresentations in its marketing materials and through its employees and/or agents with the intent that Houston would rely on such representations, and that, to her detriment, she justifiably relied on such representations. The alleged representations are essentially the same as the eleven promises outlined above in relation to Houston's breach of contract claim.

For the reasons stated above, I find that the representations on which Houston relies fall short of the "specifically promised educational services" required for a cognizable claim under *Tolman* and my Order.

Houston protests Defendants have not contested her claims are not properly pled, and the issue is therefore one for the jury as to whether or not her claim can be proved. However, Houston's mouthing of the requisite allegations to state a claim for fraud do not suffice. Fed.R.Civ.P. 9(b) requires that "the circumstances constituting fraud ... be stated with particularity." *See Ambraziunas v. Bank of Boulder*, 846 F.Supp. 1459, 1462

(D.Colo.1994). Despite ample opportunity to replead her claim, Houston has not stated with particularity circumstances recognized as constituting fraud. Accordingly, Houston's fraud claim must fail.

### 7. *Negligence against Steven and Debbie Chaffin.*

In the Order I dismissed Debbie Chaffin and Steven Chaffin as Defendants. In Houston's consolidated brief, she voluntarily withdrew the negligence claim against Debbie and Steven Chaffin, (Pl.'s Cons. Br. at 52), pending determination of her motion for clarification and/or reconsideration. I have denied Houston's motion for reconsideration of the Order. Because the order dismissing Debbie and Steven Chaffin remains undisturbed, I need not consider Houston's ninth claim for relief. I deny Steven and Debbie Chaffin's motion to dismiss as moot.

### C. *Conclusion.*

In my Order I cautioned Houston that, with respect to the claims not dismissed, she was permitted to file an amended complaint, to be "plead in strict conformity with Rule 8 and Rule 11.... or this civil action will be dismissed with prejudice." *Houston v. Mile High Adventist Academy*, 846 F.Supp. at 1459. For the reasons stated above, I believe the amended complaint has not been plead in conformity with these rules and does not outline "in clear, direct and understandable terms the precise factual allegations to support each essential element" of Houston's claims against the Mile High Defendants. *See National Commodity*, 886 F.2d at 1244.

Because Houston can prove no set of facts in support of her claims against the Mile High Defendants that would entitle her to relief, I dismiss these claims. *See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.*, 927 F.2d 1111, 1115 (10th Cir.1991). Houston has had ample opportunity to assert her claims. To permit her to institute them again, would needlessly waste time and effort. Therefore, the dismissal is without leave to amend. *See Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C.1977); *Hutter v. Schraml*, 51 F.R.D. 519, 521 (E.D.Wis.1970).

I have already dismissed Houston's action against all other Defendants with the exception of Nathaniel Chaffin.[3] *Houston v. Mile High Adventist Academy,* 846 F.Supp. at 1459. Accordingly the only remaining causes of action are those against Nathaniel Chaffin for assault and battery and outrageous conduct. Nathaniel Chaffin filed an answer to these causes of action on May 10, 1994. I retain supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a).

IV. *Motion for Sanctions.*

■ The Mile High Defendants seek sanctions against Houston's counsel pursuant to 28 U.S.C. § 1927 and to the court's inherent contempt powers for failure to comply with the Order of March 22, 1994.

I have "the inherent power to impose a variety of sanctions on both litigants and attorneys to regulate [my] docket, promote judicial efficiency and deter frivolous findings." *Weir v. Lehman Newspapers, Inc.,* 105 F.R.D. 574, 576 (D.Colo.1985). Further, under § 1927, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Under § 1927, "the attorney's conduct, viewed objectively, must manifest an intentional or reckless disregard of his duties to the court." *Land v. First Nat'l Bank,* 116 B.R. 798, 808 (D.Colo.1990).

I have described various instances where Houston, contrary to the Order, incorporated by reference earlier allegations without demonstrating how they establish the required elements of the specific claim, reframed claims already dismissed as without foundation in law, retained claims against Defendants whom I had already dismissed and retained individuals as named Defendants without attempting to state a claim against them. A reasonable attorney admitted to practice before the court would not have filed such a document, particularly in light of earlier admonitions. Houston's counsel has recklessly created needless costs entitling

the opposing parties to relief. Sanctions are appropriate as, viewed objectively, Houston's counsel's conduct manifests a disregard of his duties to the court.

Accordingly,

IT IS ORDERED THAT Andrea Houston's Amended Motion for Clarification and/or Reconsideration and Certification is DENIED.

IT IS FURTHER ORDERED THAT the Mile High Defendants' Motion to Dismiss and for Sanctions is GRANTED.

IT IS FURTHER ORDERED THAT Steven L. Chaffin and Debbie Chaffin's Motion to Dismiss is DENIED AS MOOT.

IT IS FURTHER ORDERED THAT Houston's counsel personally, shall pay the Mile High Defendants and Steven L. Chaffin and Debbie Chaffin, the attorney fees and costs incurred in responding to the first amended complaint. These Defendants shall file on or before January 10, 1995 affidavits and contemporaneous time records indicating the appropriateness of the amounts requested. Houston's counsel shall have twenty days following receipt to respond to these filings. If contested, an evidentiary hearing will be held with the costs to follow the results of that event.

IT IS FURTHER ORDERED THAT counsel for Nathaniel Chaffin and Houston's counsel shall file on or before January 3, 1995 a proposed scheduling order in accordance with Fed.R.Civ.P. 26(f) limited to the discovery and trial of the remaining claims for assault and battery and outrageous conduct.

IT IS FURTHER ORDERED THAT a pretrial conference in accordance with Fed.R.Civ.P. 16(c) will be held at 9:00 a.m., Friday, February 17, 1995.

---

3. Despite my dismissal of Everett Schlisner, Cyril Myers, Roger Brodis and Rory Pullens, Houston continues to name these individuals as Defendants without attempting to state any specific cause of action against them.