**Beverly CHRISTENSEN, as guardian and next friend of Jessica Hatcher, et al., Plaintiffs,**

**v.**

**SOUTHERN NORMAL SCHOOL, et al., Defendants.**

**No. Civ.A. 97–D–181–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 7, 2000.

Abner A. Powell, Andalusia, Alabama, for plaintiffs.

Ronald G. Davenport, Robert C. Ward, Jr., Jack B. Hinton, Jr., Montgomery, Alabama, for defendants.

***ORDER***

DE MENT, District Judge.

In this lawsuit, Plaintiffs are a group of parents and guardians who bring suit individually and on behalf of students[1] who

suit and bring suit on their own behalf.

attended Southern Normal School, a predominantly minority coeducational boarding school formerly located in Brewton, Alabama. The named Defendants in this action are Southern Normal School, Southern Normal School Foundation, Inc., Dr. Sherman Jones (former Headmaster of Southern Normal School and President of Southern Normal School Foundation, Inc.), Donald Watkins (former Chairman of the Board of Trustees at Southern Normal School), and Frederick Burks (former Chairman of the Board of Trustees at Southern Normal School). The jurisdiction of this court has been invoked based upon diversity of citizenship of the Parties under 28 U.S.C. § 1332.

In their Complaint, Plaintiffs assert breach of contract, fraud, and negligence claims, which are premised on the argument that Defendants failed to provide Plaintiffs with the quality education and safe, nurturing environment promised in Defendants' recruiting materials. In support of this argument, Plaintiffs set forth numerous allegations showing their extreme dissatisfaction with the experience they each had while attending Southern Normal School. For instance, Plaintiffs allege that one student was sexually assaulted on campus and that others were deprived of food as a means of punishment. Moreover, Plaintiffs contend that Southern Normal School did not provide its students the "quality of education" or "quality of environment" that was promised them. In short, Plaintiffs allege that a multitude of egregious acts occurred during their time at Southern Normal School and these acts represent Plaintiffs' damages stemming directly from Defendants' breach of contract, fraud, and negligence.

On the other hand, Defendants argue that Plaintiffs' claims should be dismissed as a matter of law because these claims represent an attempt to state a cause of action for educational malpractice, which is not recognized under Alabama law. In support of this argument, Defendants cite to the case of *Blane v. Alabama Commercial College*, which is the only Alabama case that addresses educational malpractice. 585 So.2d 866, 868 (Ala.1991). In *Blane*, the Supreme Court of Alabama specifically rejected "educational malpractice" as a valid cause of action, stating only that "we find no case establishing such a cause of action." *Id.* However, unlike Plaintiffs in the instant case, the plaintiff in *Blane* explicitly raised an "educational malpractice" claim. *Id.* Therefore, the *Blane* Court did not analyze what constitutes an educational malpractice claim, but simply refused to recognize such a claim when explicitly pled. In other words, while the *Blane* opinion articulates the principle that a cause of action for educational malpractice is not recognized under Alabama law, it does not delineate the parameters of educational malpractice in a way that would allow this court to determine the validity of Defendants' aforementioned argument.

Therefore, based on the foregoing, the court finds that determinative questions exist in this action regarding educational malpractice. Specifically, the questions are as follows: What is the standard to apply in determining whether a plaintiff is seeking to circumvent the principle that there is no cognizable cause of action for educational malpractice in Alabama? Alternatively, do Plaintiffs' breach of contract, fraud, and negligence claims raised in the instant action represent an improper attempt to circumvent the principle that there is no cognizable cause of action for educational malpractice in Alabama? Because the court finds that these questions of state law are ones of first impression, certification to the Supreme Court of Alabama is appropriate. Accordingly, pursuant to Section 6.01(b)(3) of the Constitution of Alabama 1901, as amended, and Rule 18 of the Alabama Rules of Appellate Procedure, the court requests that the Supreme Court of Alabama answer the aforementioned questions concerning educational malpractice.

CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION, TO THE SUPREME COURT OF ALABAMA, PURSUANT TO SECTION 6.01(b)(3) OF THE CONSTITUTION AND RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF THE STATE OF ALABAMA AND THE HONORABLE JUSTICES THEREOF:

## I. *Style of the Case*

In the District Court of the United States for the Middle District of Alabama, Northern Division: *Beverly Christensen, et al., Plaintiffs v. Southern Normal School, et al., Defendants,* Civil Action No. 97–D–181–N.

## II. *Background*

The undisputed facts and background are set forth in this court's Memorandum Opinion And Order entered February 4, 2000. To briefly summarize, Plaintiffs contend that Defendants are liable for breach of contract, fraud, and negligence because these Defendants failed to provide the quality education and safe, nurturing environment promised in Defendants' recruiting materials. Plaintiffs list a number of egregious incidents that allegedly occurred during their time at Southern Normal School and claim that these incidents were the direct result of Defendants' breach of contract, fraud, and negligence.

In response, Defendants assert that Plaintiffs' claims for breach of contract, fraud, and negligence should be dismissed as a matter of law because they constitute an attempt to state a cause of action for educational malpractice, which is a cause of action that the Supreme Court of Alabama specifically rejected in *Blane v. Alabama Commercial College,* 585 So.2d 866, 868 (Ala.1991). However, as discussed earlier, the *Blane* case is not directly on point to the case at bar. Therefore, because *Blane* is the only Alabama case that has broached the subject of educational malpractice, the determinative questions raised in the instant action are ones of first impression under Alabama law.

Plaintiffs counter by arguing that their breach of contract, fraud, and negligence claims are cognizable causes of action under Alabama law and "not thinly veiled attempts at pleading 'educational malpractice.'" In support of their argument, Plaintiffs cite the following cases: *VanLoock v. Curran,* 489 So.2d 525 (Ala.1986) (reversing lower court's dismissal of breach of contract and fraud claims against school because school had promised to educate students, but then, without explanation, disallowed students the right to continue attending the school); *Phillips Colleges of Alabama, Inc. v. Lester,* 622 So.2d 308 (Ala.1993) (recognizing as valid a fraud claim asserted against school that had promised to provide plaintiff a specific number of hours of practical training and then failed to do so); and *Craig v. Forest Institute of Professional Psychology,* 713 So.2d 967 (Ala.Civ.App.1997) (holding that students could properly assert breach of contract and fraud claims against a school that had completely failed to provide the specific educational services promised to students).

However, contrary to Plaintiffs' argument, these cases are not directly "on point." The primary distinction lies in the fact that the aforementioned cases involved specific promises and specific breaches thereof, whereas the instant case involves promises and alleged breaches which are much more vague and general in nature. For instance, the *VanLoock* case involved a parochial school that accepted the plaintiffs' registration for the next school term, but subsequently, and for no valid reason, disallowed them the right to continue attending the school. 489 So.2d at 526–527. The *VanLoock* court held that, because the school completely refused to educate plaintiffs after promising to do so, plaintiffs could properly assert breach of contract and fraud claims

against the school. *Id.* at 529–534. In contrast, the instant case involves vague promises and alleged breaches thereof, such as Plaintiffs' allegation that Defendants failed to provide the superior college preparatory education advertised in their recruiting materials. Unlike the plaintiffs in *VanLoock,* Plaintiffs here do not claim that they were completely denied an education, but rather, they challenge the quality of the educational services they received. Such challenges have not been addressed by the Courts of Alabama, and, therefore, the court finds Plaintiffs' argument to the contrary to be unavailing.

On the other hand, Defendants correctly assert that the majority rule in other jurisdictions provides that students may bring tort and/or contract actions against an educational institution *only* if "it is alleged that the institution failed to perform on specific promises it made to the student and the claim 'would not involve an inquiry into the nuances of educational processes and theories.'" *Alsides v. Brown Institute, Ltd.,* 592 N.W.2d 468, 473 (Minn.Ct. App.1999) (quoting *Ryan v. University of N.C. Hosps.,* 128 N.C.App. 300, 494 S.E.2d 789, 791 (1998)); *see also Tankoos v. The Mead School For Human Dev.,* No. X05CV 950145853S, 1999 WL 391350, at *3 (Conn.Super.Ct. June 4, 1999) ("[C]ourts have almost universally held that claims of 'educational malpractice' are not cognizable."); *see generally Houston v. Mile High Adventist Academy,* 872 F.Supp. 829 (D.Colo.1994); *Cavaliere v. Duff's Business Inst.,* 413 Pa.Super. 357, 605 A.2d 397 (1992); *Paladino v. Adelphi Univ.,* 89 A.D.2d 85, 454 N.Y.S.2d 868 (1982); Claudia G. Catalano, Annotation, *Liability of Private School or Educational Institution for Breach of Contract Arising from Provision of Deficient Educational Instruction,* 46 A.L.R.5th 581 (1997). In other words, the vast majority of courts have rejected claims attacking the general quality of education services provided to students. *See Ross v. Creighton Univ.,* 957 F.2d 410, 414 (7th Cir.1992). Such claims are known as educational malpractice claims and are not looked upon with favor

because of various public-policy reasons, including:

(1) the lack of a satisfactory standard of care by which to evaluate an educator; (2) the inherent uncertainties about causation and the nature of damages in light of such intervening factors as student's attitude, motivation, temperament, past experience, and home environment; (3) the potential for a flood of litigation against schools; and (4) the possibility that such claims will 'embroil the courts into overseeing the day-to-day operations of schools.'

*Alsides,* 592 N.W.2d at 472 (quoting *Ross,* 957 F.2d at 414).

Defendants argue that Plaintiffs' claims are, in substance, claims for educational malpractice and should be dismissed pursuant to the majority standards set forth above. However, Alabama Courts have yet to adopt these standards or articulate other standards to apply in determining questions of educational malpractice. Therefore, based on the foregoing, the court finds that Defendants' argument gives rise to the following issues of first impression under Alabama law: *What is the standard to apply in determining whether a plaintiff is seeking to circumvent the principle that there is no cognizable cause of action for educational malpractice in Alabama? Alternatively, do Plaintiffs' breach of contract, fraud, and negligence claims raised in the instant action represent an improper attempt to circumvent the principle that there is no cognizable cause of action for educational malpractice in Alabama?* Accordingly, the court requests that the Honorable Justices of the Supreme Court of Alabama examine and decide these legal questions.

**III. Questions to be Certified to Supreme Court of Alabama**

Pursuant to Section 6.01(b)(3) of the Constitution of Alabama of 1901 and Rule 18 of the Alabama Rules of Appellate Procedure, the following questions are hereby

certified to the Supreme Court of Alabama:

WHAT IS THE STANDARD TO APPLY IN DETERMINING WHETHER A PLAINTIFF IS SEEKING TO CIRCUMVENT THE PRINCIPLE THAT THERE IS NO COGNIZABLE CAUSE OF ACTION FOR EDUCATIONAL MALPRACTICE IN ALABAMA? ALTERNATIVELY, DO PLAINTIFFS' BREACH OF CONTRACT, FRAUD, AND NEGLIGENCE CLAIMS RAISED IN THE INSTANT ACTION REPRESENT AN IMPROPER ATTEMPT TO CIRCUMVENT THE PRINCIPLE THAT THERE IS NO COGNIZABLE CAUSE OF ACTION FOR EDUCATIONAL MALPRACTICE IN ALABAMA?

The phrasing of the questions is not intended to limit the inquiry of the Supreme Court of Alabama. In answering the certified questions, the Supreme Court is at liberty to consider the problems and issues involved in this case as it perceives them. In order to assist the Supreme Court, the court transmits the entire record in this case.

QUESTIONS CERTIFIED.